%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROBERT G. WING as Receiver for VESCOR CAPITAL CORP., et al.,

## DEFENDANTS
WILLIAM J. HAMMONS, BILO 1989 TRUST, and JOHN DOES I-X

**(b)** County of Residence of First Listed Plaintiff  **Salt Lake County, Utah**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Washington County, Utah**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Sally B. McMinimee & Jared N. Parish
PRINCE YEATES & GELDZAHLER
175 East 400 South Ste 900, Salt Lake City, Utah 84111

Attorneys (If Known)
Cliff Dunn
DUNN LAW FIRM
170 North 400 East, Ste G, St. George, Utah 84771

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §754
Brief description of cause:
Fraudulent Transfer Claim by a Receiver

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  Dee Benson
DOCKET NUMBER  1:08cv00012

DATE  August 14, 2008
SIGNATURE OF ATTORNEY OF RECORD  /s/ Sally B. McM[...]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Sally B. McMinimee (5316)
Jared N. Parrish (11743)
**PRINCE, YEATES & GELDZAHLER**
A Professional Corporation
City Centre I, Suite 900
175 East 400 South
Salt Lake City, UT 84111
Telephone: (801) 524-1000
sbm@princeyeates.com
jnp@princeyeates.com

Attorneys for Receiver Robert G. Wing

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WING, as Receiver for VESCOR CAPITAL CORP., a Nevada corporation, VESCOR CAPITAL, INC., a Nevada corporation, VESCORP CAPITAL, LLC, a Nevada limited liability company, VESCORP CAPITAL IV-A, LLC, a Nevada limited liability company, and VESCORP CAPITAL IV-M, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM J. HAMMONS, BILO 1989 TRUST DATED JULY 13, 1989, BILL HAMMONS AND ASSOCIATES, BILL HAMMONS INVESTMENTS, and JOHN DOES I-X,<br><br>Defendants. | **COMPLAINT**<br><br><br>Civil No. _____<br><br>Judge _____ |

Robert G. Wing, receiver for VesCor, complains against defendants as follows:

## STATEMENT OF THE CASE

1. This action arises out of a Ponzi scheme. In 1990, Val Edmund Southwick ("Southwick") began and operated companies referred to collectively as "VesCor." VesCor borrowed money from investors telling them their money would be used to fund the development of commercial and industrial real estate. In fact, VesCor used most of the money it obtained from new investors to pay the debts owed to older investors, to pay commissions on the sale of investments, to fund company operations, and to pay Southwick's personal expenses.

2. In 1992, VesCor was sanctioned by the Utah Department of Commerce, Division of Securities ("Division") in a Stipulation and Consent Order, which identified unregistered securities which were offered to investors in the State of Utah.

3. In 2002, VesCor was again sanctioned by the Division in a Stipulation and Consent Order, which identified unregistered securities which were offered and sold to investors in the State of Utah.

4. In 2004, VesCor agreed with the Division it would discontinue offering securities for sale to Utah residents and cease making offers for the sale of securities from within the State of Utah to investors who resided out of the State. VesCor further agreed to pay investors their principal and accrued interest at the maturity date of their investments or at an earlier call date.

5. VesCor continued to sell unregistered securities in the State of Utah in violation of the Division's Orders and the 2004 agreement.

6. By 2006, Vescor had grown to a complex web of over 150 corporations and limited liability companies, registered in Utah and Nevada, and owned interests in commercial and industrial real estate in Nevada, Utah, Montana and California.  On May 31, 2006 the VesCor Ponzi scheme collapsed when Southwick stopped paying monthly interest payments and principal redemptions to most investors.

7. On March 31, 2008, Southwick pleaded guilty to nine counts of securities fraud, each a felony in the second degree, in the Third District Court of Utah, and was later sentenced by Utah District Court Judge Robin Reese to serve nine consecutive 1-15 year prison terms, the maximum allowed by State law.

8. On February 6, 2008, the United States Securities and Exchange Commission ("SEC") filed suit against Southwick and five VesCor entities identified as issuers of promissory notes to investors alleging violations of the anti-fraud provisions of the securities laws.

9. On May 5, 2008, this Court appointed Robert G. Wing as Receiver for VesCor.  In this action, the Receiver seeks to recover for VesCor investors money fraudulently transferred from VesCor to transferees who did not provide VesCor with reasonably equivalent value in return for the transfers, and who did not take those transfers in good faith.

## PARTIES, JURISDICTION AND VENUE

10. VesCor Capital Corporation ("VCC"), headquartered in Ogden, Utah, is a Nevada corporation formed by Southwick in 1990.  Robert G. Wing is the

Receiver for VCC and all affiliated limited partnerships, corporations or other business entities.

11. VesCor Capital Incorporated ("VCI"), headquartered in Ogden, Utah, is a Nevada corporation formed by Southwick in 1995. Robert G. Wing is the Receiver for VCI and all affiliated limited partnerships, corporations or other business entities.

12. VesCorp Capital, LLC ("VCP"), headquartered in Ogden, Utah, is a Nevada limited liability company formed by Southwick in 2003. Robert G. Wing is the Receiver for VCP and all affiliated limited partnerships, corporations or other business entities.

13. VesCorp Capital IV-A, LLC ("VCP IV-A"), headquartered in Ogden, Utah, is a Nevada limited liability company formed by Southwick in 2004. Robert G. Wing is the Receiver for VCP IV-A and all affiliated limited partnerships, corporations or other business entities.

14. VesCorp Capital IV-M, LLC ("VCP IV-M"), headquartered in Ogden, Utah, is a Nevada limited liability company formed by Southwick in 2004. Robert G. Wing is the Receiver for VCP IV-M and all affiliated limited partnerships, corporations or other business entities.

15. William J. Hammons ("Hammons") is an individual and co-trustee of the BILO 1989 Trust dated July 13, 1989 ("BILO").

16. BILL HAMMONS AND ASSOCIATES and BILL HAMMONS INVESTMENTS are entities believed to have been used by Hammons to

solicit and transfer funds to VesCor, and do not appear to be registered with a Secretary of State.

17. John Does I-X are currently unidentified trusts, corporations, limited liability companies, limited partnerships, or other entities controlled by Hammons or other trustees or controlling entities of BILO or Does I-X.

18. Jurisdiction is proper in this Court pursuant to 28 U.S.C. Section 1367 and 28 U.S.C. Section 754.

19. Venue is proper in this Court pursuant to 28 U.S.C. Section 754.

## CLAIM(S) FOR RELIEF

### (Fraudulent Conveyances to William J. Hammons, the BILO Trust(s), Bill Hammons Investments, Bill Hammons and Associates, and Does I-X)

20. Mr. Hammons acted as a sales agent or broker for VesCor both in his individual capacity and through his entities, Bill Hammons Investments and Bill Hammons and Associates. In these capacities, he sold investments for, and was paid commissions by, VesCor.

21. In addition, Mr. Hammons invested with VesCor.

22. VesCor's accounting records show that Mr. Hammons and his trust, BILO, received much more money from VesCor than they invested. Some of the amount received may have been for commissions.

23. These payments were made as part of a Ponzi scheme and were therefore, by definition, made to hinder, delay or defraud creditors and or investors of VesCor.

24. These receipts constitute fraudulent transfers to the extent they exceed the amount invested by Mr. Hammons, BILO or Does I-X. They were made at a time when

VesCor was insolvent, VesCor did not receive substantially equivalent value for the transfers and Mr. Hammons, BILO and Does I-X did not take the transfers in good faith.

WHEREFORE, Plaintiff prays as follows:

A. That the plaintiff be awarded damages against Hammons, BILO, Bill Hammons Investments, Bill Hammons and Associates, and Does I-X in an amount to be determined at trial, plus interest, costs and attorneys fees.

B. For such other relief as the Court may allow.

DATED this 14th day of August, 2008.

PRINCE YEATES & GELDZAHLER

/s/ Sally B. McMinimee
Sally B. McMinimee
Attorneys for Receiver Robert G. Wing