FILED
U.S. DISTRICT COURT
2009 AUG 10  A 10: 59
DISTRICT OF UTAH
BY_____
    DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WING, as receiver for VESCOR CAPITAL CORP., et al.,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM J. HAMMONS, et al.,<br><br>Defendants. | ORDER<br><br><br><br>Case No. 2:08-cv-00620 |

The Defendants in this case seek to have this Court's May 14, 2009 *Memorandum Decision and Order* (dkt. 27) certified for interlocutory appeal under 28 U.S.C. § 1292(b). The Court's order ruled that a Federal equity receiver, such as the plaintiff in this case, has standing to assert fraudulent transfer and unjust enrichment claims against a Ponzi scheme's transferees. In reaching this result, the Court relied upon *Scholes v. Lehman*, 56 F.3d 750 (7th Cir. 1993) and the many cases that have cited it with approval. *See Order*, at 4-5. The Defendant has not pointed the Court to a single Ponzi scheme receivership case that does not follow the approach taken by the Seventh Circuit in *Scholes*.

Under 28 U.S.C. § 1292(b), a district court may issue a certification for an interlocutory appeal when "there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* These

conditions have not been met in the present case. Accordingly, the Defendants motion to certify for interlocutory appeal is hereby DENIED.

IT IS SO ORDERED.

Dated this 8th of August, 2009.

Dee Benson
United States District Judge